# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

MARIA TERESA DUARTE GODNIEZ

v.

UNITED STATES OF AMERICA

CIVIL NO. 1:19cv00945LG
and associated
CRIMINAL NO. 1:17cr00090LG-RHW

─────────────────────────────────────

## RESPONSE TO DEFENDANT'S § 2255 MOTION

─────────────────────────────────────

The United States of America (hereafter "the government")
respectfully responds to the instant § 2255 Motion to Vacate [Dkt. No. 88]
of the defendant, Maria Teresa Duarte Godinez (hereinafter "Godinez"),
because Godinez's ineffective-assistance-of-counsel claim is without merit
and she otherwise waived her right to bring such a motion.

## I.  BACKGROUND

On September 7, 2017, a felony indictment was filed charging
Godinez with conspiracy to possess with intent to distribute 500 grams or
more of a mixture or substance containing a detectable amount of

methamphetamine, in violation of 21 U.S.C. § 841(a)(l). *See* Dkt. No. 3.

Thereafter, pursuant to Federal Rule of Criminal Procedure 11(c),

Defendant Godinez entered a guilty plea predicated on a signed plea

agreement. *See* Dkt. No. 51.  Defendant Godinez's plea and the plea

agreement were accepted by the Court. *Id.*

In her written plea agreement entered into with the advice of counsel,

Defendant Godinez specifically waived her right to attack her sentence.[1]

*See* Dkt. No. 51 at 5 ("Defendant, knowing and understanding all of the

matters aforesaid, including the maximum possible penalty that could be

imposed, and being advised of Defendant's rights . . . to appeal the

conviction and sentence, in exchange for the U.S. Attorney entering into the

plea agreement and accompanying plea supplement, hereby expressly

waives the following rights (except that Defendant reserves the right to

raise ineffective assistance of counsel claims)").  Relevant here, in

paragraph 8(b) of the plea agreement, Defendant Godinez "expressly

---

[1] At the time defendant Godinez executed the plea agreement, she was represented by able counsel, attorney Keith Pisarich, who also signed the plea agreement.

waive[d]" her "***right to contest the . . . sentence*** or the manner in which the sentence was imposed ***in any post-conviction proceeding, including*** but not limited to ***a motion brought under Title 28, United States Code, Section 2255***." *See* Dkt. No. 51 at 5 (emphases added).

After accepting Defendant Godinez's guilty plea, the Court entered a judgment of conviction. *See* Dkt. No. 83. Thereafter, the Court sentenced Defendant Godinez to 262 months of imprisonment. *Id*.

Despite having waived her right to attack her sentence through a § 2255 motion, Defendant Godinez has filed such motion. *See* Dkt. No. 88.

## II. ARGUMENT

"As a general rule, a voluntary, unconditional guilty plea waives all nonjurisdictional defects in the proceedings against the defendant." *United States v. Hoctel*, 154 F.3d 506, 507 (5th Cir. 1998). In addition to the general waiver resulting from a defendant's unconditional guilty plea, a defendant may agree to surrender his right to contest his sentencing as part of a plea agreement with the Government. *Id*. at 508.

Courts have long enforced waivers of collateral-attack rights in plea agreements. *See, e.g., United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) ("As a general matter, therefore—and at least under the facts and circumstances of this case—an informed and voluntary waiver of post-conviction relief is effective to bar such relief."); *see also Garcia-Santos v. United States*, 273 F.3d 506, 509 (2nd Cir. 2001). This is true even where the grounds for the attack arise after the plea agreement is executed. *See Garcia-Santos*, 273 F.3d at 509 (providing prudential and policy reasons).

To date, the Fifth Circuit has recognized two exceptions to this general rule: (1) a claim of ineffective assistance if "the claimed ineffective assistance directly affected the validity of that waiver or the plea itself" and (2) a sentencing claim where the sentence "exceeds the statutory maximum" penalty. *See United States v. Hollins*, 97 Fed. App'x 477, 479 (5th Cir. 2004).

Defendant Godinez cannot claim that her 262-month sentence exceeds the statutory maximum penalty of life authorized under 21 U.S.C. § 841(b)(1)(A)(viii).

Ineffective assistance of counsel may, in some cases, constitute "cause" for failing to raise an issue on direct appeal. *United States v. Guerra*, 94 F.3d 989, 993 (5th Cir. 1996).  A defendant's burden on an ineffective assistance of counsel claim is, however, high.

To succeed on any claim of ineffective assistance of counsel, a defendant must show that: (1) the attorney's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that except for the attorney's unprofessional errors, the result of the proceedings would have been different. *United States v. Kinsey*, 917 F.2d 181, 183 (5th Cir. 1990) (citing *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984)).  Defendant's allegations fall short of proving either of the two requirements.  Faithful adherence to the *Strickland* standard requires the court to engage in a "strong" presumption that counsel's conduct falls within the wide range of reasonable professional competence and every effort must be made to eliminate the distorting effects of hindsight. *Strickland*, 466 U.S. at 689.  "[A] court need not address both prongs ..., but may dispose of such a claim based solely on a petitioner's failure to meet

either prong of the test." *Amos v. Scott*, 61 F.3d 333, 348 (5th Cir.), *cert.*

*denied*, 516 U.S. 1005 (1995).

Defendant Godinez is not entitled to any relief.  In ground one of

Defendant Godinez's motion, she states that after sentencing she requested

that Keith Pisarich file an appeal on her behalf.  *See* Dkt. No. 89 at 1.

Defendant Godinez alleges Mr. Pisarich told her if she wanted an appeal to

be filed, she would have to do it on her own.  *Id*.  In his affidavit, Mr.

Pisarich provides the reasons he did not file an appeal on Defendant

Godinez's behalf.  *See* Dkt. No. 95 at 11.  Mr. Pisarich states that after

Defendant Godinez's conviction and sentencing order were rendered, he

promptly delivered a copy of the conviction and sentencing judgment to

Defendant Godinez. *Id*. at 12.  According to Mr. Pisarich, Defendant

Godinez mentioned a possible appeal of her case to which Mr. Pisarich

stated he informed her that she had waived all of her rights to appeal her

conviction and all aspects of her sentence.  *Id*.  Mr. Pisarich went on to state

that he told Defendant Godinez that any attempted appeal of her

conviction or sentence would have been summarily dismissed by the

circuit court as soon as the Government asserted and pled the fact of

Defendant Godinez's waivers of appeal, as stated in her plea agreement

and also those waivers announced in open court at her plea hearing.  *Id*.

Mr. Pisarich stated he was not willing to file a frivolous or specious appeal

in this regard.  *Id*.  Mr. Pisarich stated the only real substantive right left for

a possible appeal would have to be based solely on the grounds of

ineffective assistance of counsel- an allegation to which Mr. Pisarich

explained he would not be the proper attorney to represent Defendant

Godinez.  *Id*.  However, according to Mr. Pisarich, he did prepare a notice

of appeal for Defendant Godinez to sign in her name only and he gave her

instructions on how to file a notice of appeal.  *Id*.

     In ground two, Defendant Godinez alleges that Mr. Pisarich's

performance fell below a reasonable standard when Mr. Pisarich failed to

object to a sentencing enhancement under 2D1.1(B)(1).  *See* Dkt. No. 89 at 2.

Defendant Godinez claims that prior to sentencing, she did not believe an

adjustment under the firearm enhancement applied.  *Id*.  Defendant

Godinez further claimed that her scope as to her co-conspirator's

willingness to carry a weapon during the course of criminal activity should not have been counted as relevant conduct against her. *Id.* In his affidavit, Mr. Pisarich states that he made a written objection to the two level increase as stated in paragraph 77 of Defendant Godinez's presentence investigation report. *See* Dkt. No. 95 at 13. Mr. Pisarich specifically cited *U.S. v. Garza*, 118 F.3d 278 (5th Cir. 1997) in an attempt to distinguish that case from Defendant Godinez's case. *Id.* However, Mr. Pisarich recognized that the Court in *Garza* rejected the contention that the firearms were not foreseeable. *Id.* Based on this, Mr. Pisarich states that if he pursued that objection at the sentencing hearing, the objection would have failed. *Id.* Mr. Pisarich went on to state that there was no error nor ineffective assistance of counsel in withdrawing this objection prior to sentencing. *Id.* at 14. Mr. Pisarich states he discussed it with Defendant Godinez and they agreed on this point. *Id.*

In ground three, Defendant Godinez alleges Mr. Pisarich's performance fell below a reasonable standard when he failed to object to the drug quantity attributed to her at sentencing. *See* Dkt. No. 89 at 3.

Defendant Godinez states that while discussing the presentence report
with Mr. Pisarich, Defendant Godinez believed that the amount attributed
to her was not foreseeable and should not have been attributed to her for
sentencing purposes.  *Id*.  Defendant Godinez believes that counsel's failure
to object cause the Court to accept findings that were untrue and ultimately
increased the length of her sentence.  *Id*.  In his affidavit, Mr. Pisarich states
the evidence appeared clear that Defendant Godinez and her co-defendant
were directly responsible for the shipment of drugs found on their co-
conspirator. *See* Dkt. No. 95 at 14.  According to Mr. Pisarich, the amount of
methamphetamine found on the co-conspirator of 6.006 kilograms would
then have been attributed to Defendant Godinez under the laws and
doctrines of conspiracy. *Id*.

   In ground four, Defendant Godinez claims that after sentencing, Mr.
Pisarich failed to submit a motion to the Court within 10 days requesting a
modification in light of the first step act.  *See* Dkt. No. 89 at 3.  Defendant
Godinez states that her status as a first time offender, her cooperation, and
personal background history called for some type of departure and

variance to her sentence.  *Id*.  Defendant Godinez alleges given her conduct, a sentence of 262 months does not achieve the goals set by Congress under the First Step Act of 2018, therefore a memorandum should have been sent to the "Court/Attorney General/Prosecutor" presiding over her case for some type of consideration.  *Id*.  In his affidavit, Mr. Pisarich states that the sentencing in this case occurred on December 20, 2018 and the First Step Act was passed on December 21, 2018.  *See* Dkt. No. 95 at 14.  Mr. Pisarich noted that the First Step Act generally is not used by the Courts in the initial sentencing of defendants. *Id*. at 15.  Mr. Pisarich claims that based on the sentencing judge's comments in the sentencings of Defendant Godinez and her co-defendant as "partners in crime' and to a sentence of incarceration of 262 months, this claim is groundless. *Id*.  Mr. Pisarich also discusses Defendant Godinez's claims that he did not have her sign anything that would guarantee she would receive a Rule 35(b) or a safety valve reduction.  *Id*.  Mr. Pisarich states he never mentioned the word "guarantee" to Defendant Godinez about anything involving this case.  *Id*. Mr. Pisarich states he specifically told Godinez that no matter what or how

much she told the Government, it was still the Government's sole

discretion in filing a motion with the Court to grant her any reduction in

sentence. *Id*. As to Defendant Godinez's claims that if Mr. Pisarich had

submitted a motion for downward departure or a variance, with certainty,

they would have been considered and granted departure, Mr. Pisarich

disagrees. *Id*. Mr. Pisarich states he did in fact file a motion for downward

departure and a separate motion for a variance outside and below the

guideline range. *Id*. These two motions were argued before the Court and

denied. *Id*.

Defendant Godinez also makes an argument regarding jurisdiction in

this case. *See* Dkt. No. 89 at 4. Defendant Godinez claims she committed

no crimes in the State of Mississippi so her prosecution in the State of

Mississippi was unlawful. *Id*. In his affidavit, Mr. Pisarich states that

Defendant Godinez's co-conspirator was arrested in Jackson County,

Mississippi with at least 6.006 kilograms of methamphetamine in her

possession. *See* Dkt. No. 95 at 16. Because of this, Godinez can legally be

prosecuted on that conspiracy in the Southern Division of the Southern

11

District of Mississippi. *Id*. The fact that Godinez may have never stepped

foot in Mississippi before being arrested on this charge is of no

consequence. *Id*.

In her motion, Defendant Godinez makes several assertions by way

of a declaration. *See* Dkt. No. 89 at 5. Defendant Godinez claims that Mr.

Pisarich told her she would only serve a couple of years because she was

not a United States citizen. *Id*. In his affidavit, Mr. Pisarich states that he

never told Defendant Godinez she would only serve a couple of years

because she was not a United States citizen. *See* Dkt. No. 95 at 16. Mr.

Pisarich states he did discuss the minimum mandatory provisions of the

charged offense with Defendant Godinez and that federal time was

generally serving 85% of the actual sentence of incarceration. *Id*.

Defendant Godinez further alleges that Mr. Pisarich told her that if

she cooperated, she would receive 2 to 6 points for cooperation. *See* Dkt.

No. 89 at 5. Mr. Pisarich alleges he never told Defendant Godinez that just

by cooperating she would receive any points. *See* Dkt. No. 95 at 16. Mr.

Pisarich states he always couched his remarks by saying that it was the

Government's sole discretion whether to file any motion to grant a reduction in sentence and it did not matter whether Defendant Godinez thought she had done enough or more than enough. *Id*. Mr. Pisarich stated he went on to tell Defendant Godinez that usually to potentially qualify for any Government motion for reduction, the information provided to the Government would have to lead to new arrests and a new prosecution on others. *Id*.

Defendant Godinez also alleges that her previous counsel, Melvin Cooper, informed her that she had a level 32 and that if she pled at that time or day would receive 7-9 years. *See* Dkt. No. 89 at 5. Mr. Pisarich, in his affidavit, states there was no agreement to that effect and that Defendant Godinez's allegation that she was going to receive a 7-9 year sentence is just not true. *See* Dkt. No. 95 at 17.

III. CONCLUSION

In the light of the above considerations, the Government respectfully

requests that this Court deny the instant § 2255 motion.

Dated: May 27, 2020                     Respectfully submitted,

                                        D. MICHAEL HURST, JR.
                                        United States Attorney

                          BY:    _s/ Shundral H. Cole_____
                                 SHUNDRAL H. COLE
                                 Assistant United States Attorney
                                 Shundral.Cole@usdoj.gov
                                 Mississippi Bar No. 103003
                                 Phone: (228) 563-1560

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 27, 2020, I electronically filed the

foregoing with the Clerk of the Court using the Electronic Case Filing

system and mailed a copy via U.S. Mail to:

> **Maria Teresa Duarte Godinez**
> #93654-380
> FCI- Aliceville
> P.O. Box
> Aliceville, AL 35442

This the 27th day of May, 2020.

 *s/ Shundral H. Cole*
SHUNDRAL H. COLE
Assistant United States Attorney

15