IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

MARIA TERESA DUARTE GODNIEZ

v.

UNITED STATES OF AMERICA

CIVIL NO. 1:19cv945LG
and associated
CRIMINAL NO. 1:17cr90LG-RHW

**RESPONSE TO DEFENDANT'S MOTION TO CORRECT A CLEAR ERROR OF LAW AND TO PREVENT MANIFEST INJUSTICE PURSUANT OT FEDERAL RULES OF CIVIL PROCEDURE RULE 59**

The United States of America (hereafter "the government") respectfully responds to the motion [Dkt. No. 119] of the defendant, Maria Teresa Duarte Godinez (hereinafter "Godinez"). Godinez's claims are without merit and she has otherwise waived her right to bring such a motion.

## I. BACKGROUND

On September 7, 2017, a felony indictment was filed charging Godinez with conspiracy to possess with intent to distribute 500 grams or

more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(l). *See* Dkt. No. 3. Thereafter, pursuant to Federal Rule of Criminal Procedure 11(c), Defendant Godinez entered a guilty plea predicated on a signed plea agreement. *See* Dkt. No. 51. Defendant Godinez's plea and the plea agreement were accepted by the Court. *Id.*

In her written plea agreement, entered into with the advice of counsel, Defendant Godinez specifically waived her right to attack her sentence.[1] *See* Dkt. No. 51 at 5 ("Defendant, knowing and understanding all of the matters aforesaid, including the maximum possible penalty that could be imposed, and being advised of Defendant's rights . . . to appeal the conviction and sentence, in exchange for the U.S. Attorney entering into the plea agreement and accompanying plea supplement, hereby expressly waives the following rights (except that Defendant reserves the right to raise ineffective assistance of counsel claims)"). Relevant here, in

---

[1] At the time defendant Godinez executed the plea agreement, she was represented by able counsel, attorney Keith Pisarich, who also signed the plea agreement.

paragraph 8(b) of the plea agreement, Defendant Godinez "expressly waive[d]" her "*right to contest the . . . sentence* or the manner in which the sentence was imposed *in any post-conviction proceeding, on any ground whatsoever.*"  *See* Dkt. No. 51 at 5 (emphasis added).

After accepting Defendant Godinez's guilty plea, the Court entered a judgment of conviction.  *See* Dkt. No. 83.  Thereafter, the Court sentenced Defendant Godinez to 262 months of imprisonment. *Id*.

Despite having waived her right to attack her sentence on any ground, Defendant Godinez has filed a post-conviction motion claiming her conviction and sentence was the product of unlawful and unethical government actions in violation of the laws and treaties of the United States.[2]  *See* Dkt. No. 119.

---

[2] This Court previously ruled on a motion by Godinez to vacate her sentence under 28 U.S.C. § 2255. Dkt. No. 99.  The Court granted Godinez an out-time-appeal but otherwise denied her motion. *Id*. at 3.  On appeal, Godinez sought to raise various sentencing issues, but her appeal was dismissed based on the appeal waiver in her plea agreement. *See United States v. Godinez*, 842 Fed.Appx. 935, 936 (5th Cir. 2021), *cert. denied*, 2021 WL 4509001 (U.S. Oct. 4, 2021).

## II. ARGUMENT

"As a general rule, a voluntary, unconditional guilty plea waives all nonjurisdictional defects in the proceedings against the defendant." *United States v. Hoctel*, 154 F.3d 506, 507 (5th Cir. 1998).  In addition to the general waiver resulting from a defendant's unconditional guilty plea, a defendant may agree to surrender his right to contest his sentencing as part of a plea agreement with the Government.  *Id*. at 508.

Courts have long enforced waivers of collateral-attack rights in plea agreements.  *See, e.g.*, *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) ("As a general matter, therefore—and at least under the facts and circumstances of this case—an informed and voluntary waiver of post-conviction relief is effective to bar such relief."); *see also Garcia-Santos v. United States*, 273 F.3d 506, 509 (2d Cir. 2001).  This is true even where the grounds for the attack arise after the plea agreement is executed.  *See Garcia-Santos*, 273 F.3d at 509 (providing prudential and policy reasons).

To date, the Fifth Circuit has recognized two exceptions to this general rule: (1) a claim of ineffective assistance if "the claimed ineffective

assistance directly affected the validity of that waiver or the plea itself" and (2) a sentencing claim where the sentence "exceeds the statutory maximum" penalty. *See United States v. Hollins*, 97 Fed.Appx. 477, 479 (5th Cir. 2004).

Defendant Godinez cannot claim that her 262-month sentence exceeds the statutory maximum penalty of life authorized under 21 U.S.C. § 841(b)(1)(A)(viii).

Ineffective assistance of counsel may, in some cases, constitute "cause" for failing to raise an issue on direct appeal. *United States v. Guerra*, 94 F.3d 989, 993 (5th Cir. 1996). A defendant's burden on an ineffective assistance of counsel claim is, however, high. Moreover, Godinez already has challenged her counsel's effectiveness and was granted an out-of-time appeal on this basis. *See* n.2 *supra*.

To succeed on any claim of ineffective assistance of counsel, a defendant must show that: (1) the attorney's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that except for the attorney's unprofessional errors, the result of

the proceedings would have been different. *United States v. Kinsey*, 917 F.2d 181, 183 (5th Cir. 1990) (citing *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984)). Defendant's allegations fall short of proving either of the two requirements. Faithful adherence to the *Strickland* standard requires the court to engage in a "strong" presumption that counsel's conduct falls within the wide range of reasonable professional competence and every effort must be made to eliminate the distorting effects of hindsight. *Strickland*, 466 U.S. at 689. "[A] court need not address both prongs ..., but may dispose of such a claim based solely on a petitioner's failure to meet either prong of the test." *Amos v. Scott*, 61 F.3d 333, 348 (5th Cir.), *cert. denied*, 516 U.S. 1005 (1995).

Defendant Godinez is not entitled to any relief. In her motion, she alleges that: (1) there was insufficient evidence to support a conspiracy against her, (2) admission of hearsay statements violated the confrontation clause, (3) her enhanced sentence for a Title 18 U.S.C. § 924(c) offense was procedurally unreasonable and lacked judicial precedence, and (4) her guilty plea was unconstitutionally invalid and violated Federal Rules of

Criminal Procedure Rule 11.  *See* Dkt. No. 119.  These claims were waived by Godinez's guilty plea and by her waiver of post-conviction relief.  They are also without merit.

As to Defendant's Godinez's first allegation that there was insufficient evidence to support a conspiracy against her, the transcript of the change of plea hearing shows that the Court found sufficient evidence to support a finding that Defendant Godinez was involved at least as a translator for drug couriers and other persons in a drug distribution conspiracy.  *See* Transcript of Plea Hearing ("Plea Tr.") at 17-26.

Defendant Godinez next alleges that the admission of hearsay statements by co-conspirator, Tiffany Snodgrass, violated the confrontation clause.  However, Defendant Godinez was aware that by pleading guilty, she was waiving her right to confront any witnesses against her. The Plea Agreement between Defendant Godinez and the United States specifies in relevant part:

> **8. Waivers.**  Defendant, knowing and understanding all of the  matters aforesaid, including the maximum possible penalty that could be imposed, and being advised of Defendant's rights to remain silent, to trial by jury, to subpoena

witnesses on Defendant's own behalf, *to confront the witnesses against the Defendant*…

**Defendant waives these rights in exchange for the United States Attorney entering into this plea agreement and accompanying plea supplement.**

….

**Defendant and Defendant's attorney of record declare that the terms of this plea agreement have been:**

1. **READ BY OR TO DEFENDANT;**
2. **EXPLAINED TO DEFENDANT BY DEFENDANT'S ATTORNEY;**
3. **UNDERSTOOD BY DEFENDANT;**
4. **VOLUNTARILY ACCEPTED BY DEFENDANT; and**
5. **AGREED TO AND ACCEPTED BY DEFENDANT.**

Dkt. 51 at 5. Both Defendant Godinez, her defense counsel, and an interpreter signed the plea agreement. *Id*. at 7.

At the Change of Plea hearing, Defendant Godinez acknowledged to the Court, and her defense counsel confirmed, that she had read the plea agreement and amended plea supplement and gone over them with her lawyer. Plea Tr.. at 10. The Court also informed Defendant Godinez that by pleading guilty she was giving up the right to see and to hear and to

cross-examine any of the government's witnesses. *Id*. at 15-16. Defendant Godinez acknowledged to the Court that she understood. *Id*. at 16.

Defendant Godinez also alleges her enhanced sentence for a Title 18 U.S.C. § 924(c) offense was procedurally unreasonable and lacked judicial precedence. At the sentencing hearing, Defendant Godinez objected to the two-level sentencing enhancement under USSG 2D1.1(b)(1). This enhancement was added because co-conspirator, Snodgrass, was in possession of a firearm while transporting methamphetamine for the drug trafficking organization. *See* Presentence Report at 14. The Court, after reviewing the agreed upon stipulation of facts presented at the Sentencing Hearing by the United States, Defendant Godinez, and her defense counsel, found that co-conspirator Snodgrass possessed a firearm during a drug trafficking offense and not only was it reasonably foreseeable by both of these defendants that one of their co-conspirators would possess it, but they actually knew that she possessed a firearm during and in relation to the drug activities. *See* Sentencing Hearing transcript at 44. Additionally, the Fifth Circuit opined in *United States v. Garza*, 118 F.3d 278, 47 Fed. R.

Evid. Serv. 644 (5th Cir. 1997), that "we have held a district court may ordinarily infer that a defendant should have foreseen a co-defendant's weapon, such as a firearm, if the government demonstrates that another participant knowingly possessed a weapon while he and the defendant committed the offense. It was readily foreseeable that firearms would be employed as tools of the drug trafficking trade."

Finally, Defendant Godinez alleges that her guilty plea was unconstitutionally invalid and violated Federal Rules of Criminal Procedure Rule 11. She argues that she lacked the necessary "actus reus" causation and the "mens rea" necessary to establish that a given offense was committed and that she committed it. *See* Dkt. 119 at 21. However, at the change of plea hearing Defendant Godinez agreed that there was an agreement between her and one or other persons to voluntarily enter into a drug distribution enterprise that included more than 500 grams of methamphetamine. *See* Change of Plea hearing at 25.

### III. Conclusion

In the light of the above considerations, the Government respectfully requests that this Court deny the motion.

Dated: October 19, 2021          Respectfully submitted,

                                      DARREN J. LAMARCA
                                      Acting United States Attorney

BY:  *s/ Shundral H. Cole*
       SHUNDRAL H. COLE
       Assistant United States Attorney
       Shundral.Cole@usdoj.gov
       Mississippi Bar No. 103003
       Phone: (228) 563-1560

## CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2021, I electronically filed the foregoing with the Clerk of the Court using the Electronic Case Filing system and mailed a copy via U.S. Mail to:

**Maria Teresa Duarte Godinez**
#93654-380
FCI- Aliceville
P.O. Box 4000
Aliceville, AL 35442

This the 19th day of October, 2021.

                                          *s/ Shundral H. Cole*
                                          SHUNDRAL H. COLE
                                          Assistant United States Attorney